IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

JEWELL EDWARDS, et al                                         PLAINTIFF

v.                      CASE NO. 04-2280

UNITED STATES OF AMERICA                                      DEFENDANT

## ORDER DENYING MOTION TO DISMISS

Currently before the Court is Defendant's Motion to Dismiss Plaintiff's Complaint (Doc. 11), Defendant's Supporting Brief (Doc. 12), Plaintiff's Response (Doc. 15), and Defendant's Reply (Doc. 16), Defendant's Supplemental Reply (Doc. 20). For the reasons that follow, Defendant's Motion to Dismiss is DENIED as reflected herein.

**I. Background**

On December 23, 2004, the above captioned case was filed pro se. (Doc. 1.) On February 23, 2005, Plaintiff's counsel, John W. Caldwell, Jr., entered his appearance. (Doc. 2.) On April 27, 2005, an Order to Show Cause was entered directing the Plaintiff to show cause why the action should not be dismissed for failure to prosecute, as Plaintiff failed to meet the requirements of Rule 4(1), Fed.R.Civ.P., requiring the person serving process to make proof of service thereof to the court promptly or within the time during which the person served must respond to the process, and requiring service of the summons and complaint upon a defendant within 120 days after the filing of the complaint. (Doc. 3.) On June 6, 2005, the case was dismissed for failure to timely serve. (Doc. 4.) On June 27, 2005, Plaintiff filed a motion for relief from the order dismissing

Plaintiff's complaint (Doc. 5), which the Court granted and reinstated the case (Doc. 6).

On August 1, 2005, the Initial Scheduling Order was issued, requiring the parties to conduct their Rule 26(f) conference and file the Rule 26(f) Report by October 21, 2005. (Doc. 8.) On October 17, 2005, the Rule 26(F) Report was filed and provided that the parties would make initial disclosures pursuant to Federal Rule of Civil Procedure 26(a) by December 15, 2005. (Doc. 9.) Defendant provided its initial disclosures to Plaintiff on December 1, 2005. Plaintiff's initial disclosures have not yet been provided (more than five months after the December 15, 2005 deadline). (Doc. 12, p.1.)

On January 10, 2006, interrogatories and a request for production of documents were mailed to Plaintiff's counsel, along with a request for the initial disclosures to be provided. *Id.* at p. 2, Exhibits B, C, and D. On February 17, 2006, Defendant contacted Plaintiff's counsel by letter, requesting the initial disclosures, answers to the interrogatories and the documents previously requested. *Id.* at p. 2, Exhibit E.

On February 28, 2006, Plaintiff's counsel contacted Defendant, advising that he had just received the February 17, 2006 letter and that he would provide responses by approximately March 14, 2006. Defendant then sent Plaintiff's counsel copies of the interrogatories and request for production of documents by e-mail. *Id.* at p. 2, Exhibit F. On March 10, 2006, Plaintiff's counsel sent Defendant an

AO72A
(Rev. 8/82)

e-mail advising that he would provide the discovery by March 23, 2006. On March 14, 2006, Defendant responded to the March 10, 2006 e-mail, stating that he would agree with a March 23, 2006 due date, but also advised that if the discovery was not received by that date, he would be forced to take some action. *Id.* at p. 2, Exhibit G. As of this date, neither the requested discovery nor the initial disclosures have been provided by Plaintiff. *See id.* at p. 5.

**II. Motion to dismiss standard**

The Federal Rules of Civil Procedure allow a case to be dismissed with prejudice "for failure of a plaintiff to prosecute or comply with these rules or any order of court." Fed. R. Civ. P. 41(b). "Despite the breadth of this language, however, we have recognized that dismissal with prejudice is an extreme sanction that should be used only in cases of willful disobedience of a court order or where a litigant exhibits a pattern of intentional delay." *Hunt v. Minneapolis*, 203 F.3d 524, 527 (8th Cir. 2000) (citing *Hutchins v. A.G. Edwards & Sons, Inc.*, 116 F.3d 1256, 1260 (8th Cir. 1997)). Willful disobedience does not require bad faith, but requires "only that [one] acted intentionally as opposed to accidently or involuntarily." *Id.* (quoting *Rodgers v. Univ. of Missouri*, 135 F.3d 1216, 1219 (8th Cir. 1998)).

"A district court should weigh its need to advance its burdened docket against the consequence of irrevocably extinguishing the litigant's claim and consider whether a less severe sanction could

3

remedy the effect of the litigant's transgressions on the court and the resulting prejudice to the opposing party." *Hutchins*, 116 F.3d at 1260 (citing *Moore v. St. Louis Music Supply Co., Inc.*, 539 F.2d 1191, 1193 (8th Cir. 1976)).

## III. Discussion

### A. Failure to File Expert Affidavit.

Defendant initially contended that Plaintiff's failure to file an expert affidavit was a basis for dismissing the present case. (Doc. 12, pp. 2-3.) Plaintiff responded, stating that Ark. Code Ann. § 16-44-220(b) is not applicable to the case *sub judice*. (Doc. 15, p. 1.) Upon further research, Defendant agrees with Defendant that there is no requirement for Plaintiff to file an expert affidavit in the present case. (Doc. 16, p.1.)

### B. Failure to Provide Initial Disclosures and Discovery.

It has been well established by Defendant that Plaintiff has failed to provide the initial disclosures and discovery by the time set by the Court. Plaintiff's counsel has responded that the failures have occurred due to medical issues he has had to face (with assurances that the medical issues have either been resolved or will be resolved in the immediate future). (Doc. 15, p. 2.) The medical issues resulted in Plaintiff's counsel having difficulty reading. *Id.*

Although, we do not find that the nature of Plaintiff's counsel's medical issues warrant the failures in this case, we also

do not find that the most severe sanction, dismissal with prejudice, is warranted.

## IV. Conclusion

Without question, Plaintiff's counsel's actions have not met the professional responsibility requirements for an attorney. Plaintiff's counsel is hereby reprimanded for failing to comply with the this Court's orders. While the Court is sympathetic to the medical issues that Plaintiff's counsel has been dealing with, the medical issues are not of such a nature that he was unable to timely notify opposing party and this Court regarding his reading restrictions, as evidenced by the February 28, 2006 and March 10, 2006 e-mails he sent to Defendant. Furthermore, if Plaintiff's counsel was unable to meet the time limits placed by the Court, he had a duty to properly request extensions of time, not simply ignore the Court's orders. If further failures to comply with Court orders occur, Plaintiff with be further sanctioned with increased severity.

Based on the foregoing, Defendant's Motion to Dismiss is DENIED. Plaintiff has ten (10) days from the date of this order to provide Defendant with the initial disclosures and the requested discovery. A failure to do so will result in dismissal with prejudice of the present case. Discovery will be completed by July 5, 2006, and dispositive motions will be filed by July 12, 2006. This matter remains scheduled for trial the week of August 7, 2006.

AO72A
(Rev. 8/82)

IT IS SO ORDERED this 6th day of June 2006.


      /S/ Robert T. Dawson
Robert T. Dawson
United States District Judge

AO72A
(Rev. 8/82)